**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | |
|---|---|
| STEPHEN A. HELD,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRIS MATTHEWS, et al.,<br><br>    Defendants. | 3:06-CV-00361-ECR-VPC<br><br><br><br>**ORDER** |

    **IT IS HEREBY ORDERED** that Plaintiff's Motion in Limine (#34), filed February 8, 2008, is **DENIED**, but subject to the following further orders.

    Defendants state they will not call the witness Forsythe at trial as an expert witness, and they will not be permitted to do so.

    The Motion (#34) is not entirely clear as to whether it seeks to bar only the disclosed substitute expert witness Forsythe or the expert witness Lewis as well. The motion speaks in terms of excluding Defendants from presenting any testimony or evidence "through their untimely disclosed expert witness," i.e. Forsythe. The Motion (#34) states Defendants have never provided an expert report to Plaintiff. This reference appears to be to a required report by Forsythe.

    Some other references in the Motion (#34) might be read to indicate that it swept more broadly than just the Forsythe expert

testimony. However, the references cited above indicate the motion should be read to refer to the witness Forsythe, as an expert witness.

The Reply (#39), on the other hand, seeks specifically to bar the witness Lewis. The expert witness Lewis was disclosed on January 22, 2007, well within the disclosure cut-off date, but he was unable to submit his expert report until he could locate and examine the subject airplane. Plaintiff objects to Lewis because his expert report was not received by Plaintiff until October 10, 2007, approximately two weeks after discovery closed on September 28, 2007. The Reply (#39) also bases its argument on the failure of Lewis to produce the documents on which he bases his opinion.

The expert report was received by Plaintiff from Lewis on October 10, 2007, a little over two weeks after the plane was inspected on September 24, 2007. Defendants were tardy in locating the plane. Ownership of the plane is a matter of public record and it could have been located well prior to the time it was and the various deadlines met. Plaintiff does not complain in the Reply (#39) that the report failed in form to comply with the requirements of the Rule (except as to timeliness), but only that the report was received after the discovery cut-off date and that Lewis failed to produce the documents on which his opinions are based.

Plaintiff did not seek to reopen discovery, but it is questionable that he had an obligation in the circumstances to do so.

Even though we interpret the Motion in Limine (#34) as seeking only to bar the witness Forsythe, and the effort to bar the witness

Lewis is untimely raised only in the Reply (#39) in support of the Motion (#34) filed by Plaintiff, it appears this issue is likely to arise during trial and that steps can be taken prior to the commencement of the trial to remedy the problem.  The Lewis report was not timely provided to Plaintiff prior to the discovery cut-off and Plaintiff should be given the opportunity to depose Lewis prior to the trial.

**IT IS, THEREFORE, HEREBY FURTHER ORDERED** that the deposition of the witness Lewis shall be taken by Plaintiff prior to the commencement of the trial at a time convenient to the parties on Monday, March 10, 2008, or sooner.  Lewis shall bring with him to the deposition any documents upon which he bases his opinions.

Dated: This __7th__ day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE

3